FRANCIS GAY and AUBREY ROBINSON *vs.* WILLIAM McCANDLESS.

EXCEPTIONS FROM DECISION OF DOLE, J., REFUSING NEW TRIAL.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A new trial, on the ground of newly discovered evidence, will not be granted, where such newly discovered evidence would merely impeach or discredit a witness who testified at the trial, especially where the evidence sought to be discredited was not decisive of the issue.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of assumpsit to recover the sum of $1349 for cattle sold and delivered by the plaintiffs to the defendant, and was tried at the last April Term before Mr. Justice Dole and a foreign jury, when a verdict was found for the plaintiffs.

The defense at the trial was that the cattle were purchased from A. F. Cooke as President of the Pacific Navigation Company, against which Company, now insolvent, the defendant had a right of set off, but no such set off was pleaded, as the defendant denied that either Cooke or the Company was the agent of the plaintiffs.

The defendant moved for a new trial on the following grounds:

1st. That the verdict was contrary to the law and the evidence.

2d. That the Court upon the trial declined to instruct the jury, as requested by counsel for defendant.

3d. That the Court erred in instructing the jury in the manner in which it did instruct them, as per written memoranda on file.

4th. That the defendant was taken by surprise by the evidence of A. F. Cooke on behalf of the plaintiffs, to the effect

that he, Cooke, was the agent of the plaintiffs at the time of the sale and purchase of the cattle on which the suit was instituted.

5th.   That since the said trial the defendant has discovered evidence previously unknown to him, of the fact that the Pacific Navigation Company, acting through A. F. Cooke, its President, was in fact the purchaser from the plaintiffs of the cattle for the recovery of the price of which the action was brought.

An affidavit by J. F. Colburn in support of the last ground was filed, and is to the effect that A. F. Cooke had told the deponent that he (Cooke) purchased the cattle from the plaintiffs, and that he had got the cattle off his hands by selling them to the defendant.

The motion was overruled and exceptions were taken.

---

The following is the decision of Mr. Justice Dole:

Upon the points raised by plaintiff's counsel, that defendant's exceptions had not been properly noted upon the record, I find that the exception to the verdict and the notice for a new trial are properly entered; also the defendant's exception to the refusal of the Court to charge the jury as requested by defendant's counsel in instructions 1, 2, 3, 4 and 5, the exceptions being noted by the Clerk and the instructions refused being on file.   In regard to the third ground of the motion, *i.e.*, that the Court erred in instructing in the manner in which it did, there being no record of any exception to the general charge to the jury, I find that such exception cannot now be considered.

The foregoing exceptions, which have been regularly made and placed on record, are not in my opinion sufficient ground for a new trial, not having had occasion to modify my view of the law as given at the trial.

The fourth ground of the motion, *i.e.*, that Mr. Cooke's testimony in regard to the agency was a surprise to the defendant, does not appear to me well founded, inasmuch as the presentation of bills by Cooke or the Pacific Navigation Company to the defendant for these identical cattle, in the name of the plaintiffs,

followed by the beginning of the suit by the plaintiffs, must have suggested to defendant the line of action relied on by plaintiffs.

The fifth ground of the motion for a new trial is newly discovered evidence; the affidavits show this to be evidence of declarations of the witness A. F. Cooke inconsistent with his testimony at the trial. The general rule of law is that a new trial will not be granted where the newly discovered evidence would merely impeach or discredit a witness who testified at the trial. There are exceptions to this principle which might justify a new trial on account of this evidence, if it appeared that Mr. Cooke's testimony was decisive of the issue; but the testimony of Gay and Waterhouse tend to prove an agency, and it does not appear likely that the impeachment of Cooke's testimony would change the result of the action on a new trial.

There is a still stronger reason against the allowance of a new trial on the ground of this newly discovered evidence, and that is the apparent want of diligence. The defendant desires an opportunity of introducing the newly discovered evidence to rebut the plaintiff's evidence of the existence of an agency; but it appears from his conduct of the case that he did not rely upon disproving the agency, but in showing that he was ignorant of it, and that he thought he was dealing with Cooke or the Pacific Navigation Company as a principal, consequently it is unlikely that he made any effort whatever to obtain evidence to rebut the theory of agency. Judge Sawyer, in *Craft vs. The Union Mutual Fire Insurance Company*, 36 N. H., 56, says upon a similar point, " They failed to discover this evidence before the trial only because they made no inquiry for it, and they omitted to enquire because, relying on other matters of defense, they deemed it unnecessary to make investigation with a view to avail themselves of this. Having waived these grounds of defense, then, they are not in a position to ask that the verdict be set aside for the purpose of giving them an opportunity to try their chances of success upon them in a new trial."

The motion is therefore overruled.

BY THE COURT.

Upon a full consideration of the evidence, and the points made by counsel for the defendant, we see no reason to differ from the learned Judge who tried the case, and affirm his decision.

The exceptions are therefore overruled.

*A. S. Hartwell*, for plaintiffs.

*V. V. Ashford*, for defendant.